UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT B. RHODES, JR.                                                                Plaintiff,

v.                                                              Civil Action No. 3:17-cv-167-RGJ-CHL

NANCY A. BERRYHILL,                                                                  Defendant.
ACTING COMM'R OF SOCIAL
SECURITY

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff, Robert B. Rhodes ("Rhodes") filed this action seeking review of the denial of disability insurance benefits by Defendant, Commissioner of Social Security ("Commissioner"). [DE 1]. The Court referred Rhodes' action to Magistrate Judge Colin H. Lindsay. [DE 14]. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Commissioner's decision be affirmed. [DE 20]. Rhodes objected. [DE 26 ("Rhodes' Objections")]. The Commissioner relied on its prior submission in response to Rhodes' fact and law summary for its response to Rhodes' Objections. [DE 27]. This matter is ripe. For the reasons below, the Court **ADOPTS** Magistrate Judge Lindsay's R&R [DE 20] and **OVERRULES** Rhodes' Objections [DE 26].

I.     BACKGROUND[1]

Rhodes applied for disability insurance benefits. [DE 12-5 at 231–34]. After a hearing, the Administrative Law Judge Steven Collins' ("ALJ") denied Rhodes' claim. [DE 12-2 at 82]. In his decision the ALJ made these findings:

---

[1] The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 20 at 964–66].

1

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018. (*Id*. at 67.)

2. The claimant has not engaged in substantial gainful activity since February 1, 2015, the alleged onset date. (*Id*.)

3. The claimant has the following severe impairments: PTSD; double vision; asthma; sleep apnea; degenerative disc disease; arthritis; obesity; depression; anxiety. (*Id*. at 68.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404. Subpart P, Appendix 1. (*Id*. at 70.)

5. The claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b). The claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds; can sit about 6 hours in an 8-hour workday; stand and/or walk about 6 hours in an 8-hour workday, with normal breaks. The claimant can occasionally climb ramps and stairs but should never climb ladders, ropes, or scaffolds; can frequently balance; occasionally stoop, kneel, crouch, or crawl; and can have occasional exposure to pulmonary irritants such as fumes, dusts, odors, gases, or poor ventilation and no exposure to hazards such as dangerous moving machinery or unprotected heights. The claimant is limited to occasional overhead reaching. The work is limited to simple routine and some detailed but not complex tasks involving few if any workplaces changes with no public contact and only occasional contact with supervisors and coworkers. (*Id*. at 72.)

6. The claimant cannot perform any past relevant work. (*Id*. at 80.)

7. The claimant was born on January 25, 1969 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (*Id*.)

8. The claimant has at least a high school education and can communicate in English. (*Id*.)

9. Transferability of job skills is not material to determining disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills. (*Id*.)

10. Considering the claimant's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the claimant can perform. (*Id*.)

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2015, through the date of this decision. (*Id*. at 82.)

Rhodes requested an appeal to the Appeals Council. The Appeals Council denied Rhodes' request, and the ALJ's decision became final. Rhodes filed a complaint to this Court [DE 1] and submitted a fact and law summary. [DE 17, 17-1]. The Court referred the fact and law summary to the Magistrate Judge to issue an R&R. [DE 14]. The Magistrate Judge issued an R&R affirming the final decision of the Commissioner. [DE 20]. Rhodes objected to the R&R. [DE 26]. Rhodes' Objections focus on three issues:

1. The Magistrate's acceptance of the ALJ's findings regarding Rhodes' moderate limitations in concentration, persistence, and pace and his incorporation of those findings into the residual function capacity ("RFC"). [DE 26 at 1005–11].

2. The Magistrate's acceptance of the ALJ's evaluation of Rhodes' disabled rating in the Department of Veterans Affairs ("VA"). [DE 26 at 1011–12].

3. The Magistrate's acceptance of the ALJ's determination that "there was no objective evidence in the record that Rhodes' migraines would impact his ability to perform basic work activities." [DE 26 at 1012–14].

## II. STANDARD

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of facts and recommendations for the disposition" of matters including review of the Commissioner's final decision on disability insurance benefits. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the magistrate. *Id.*

Rhodes' Objections to the R&R's findings are essentially identical to the arguments made in his initial challenge of the ALJ's findings. [*Compare* DE 17-1 *with* DE 26]. Indeed, in response to Rhodes's Objections, the Commissioner declined to address any specific arguments and instead incorporated the arguments it presented in reply to Rhodes' initial brief. [DE 27 at 1015].

3

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). As a result, Rhodes' general objections and repetition of the arguments made in his initial challenge of the ALJ's decision cannot qualify as objections. Thus, the Court need not conduct a *de novo* review of the Magistrate Judge's report on Rhodes' Objections. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Even so, if the Court were to consider the merits of Rhodes' Objections and conduct a *de novo* review, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *see also Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts." *Mackins v. Astrue*, 655 F.Supp. 2d 770, 775 (W.D. Ky. 2009) (quoting *Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986)). The ALJ need not discuss every aspect of the record or explain every finding at length but

must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, No. 98–3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). In reviewing the case for substantial evidence, the court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1986)).

### III. DISCUSSION

To determine whether an individual is entitled to disability benefits, an ALJ follows the process outlined in 20 C.F.R. § 404.1520. First, the ALJ considers whether the claimant has substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Second, the ALJ considers whether the claimant has suffered from a severe medically determinable physical or mental impairment, or combination of impairments, for a certain duration. *Id.* Third, the ALJ considers whether the impairments meet or equal one of the specific medical disorders listed in the regulations. *Id.* Fourth, the ALJ assesses the claimant's RFC and past relevant work. *Id.* Fifth, the ALJ determines whether given the claimant's RFC, age, education, and work experiences, the individual can make certain adjustments to keep working. *Id.* While the claimant bears the burden of proof in establishing steps one through four, "the burden . . . shifts to the Commissioner at step five to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

### A. The Magistrate's acceptance of the ALJ's findings regarding Rhodes' concentration, persistence, or pace.

Rhodes argues that the Magistrate Judge failed to properly evaluate the ALJ's determination regarding Rhodes' moderate limitations in concentration, persistence, or pace. Rhodes' arguments repeat the arguments made in Rhodes' fact and law summary. Rhodes objects to the ALJ's findings on Rhodes' concentration, persistence, or pace on two grounds. First, Rhodes challenges the ALJ's treatment of the consultative examination ("CE"). [DE 26 at 1007]. Second, Rhodes argues that the RFC, itself, does not reflect the limitations reflected in the State Agency opinions, "the essence of" which were adopted by the ALJ in the RFC. [*Id.*; DE 12-2 at 79].

As for the treatment of the CE, Rhodes argues that the ALJ erred in affording only partial weight to the CE and not incorporating the limitations in the CE into the RFC, and further erred by failing to explain his reasoning for not doing so. [DE 26 at 1007]. This appears to be an objection to the ALJ's decision to afford only partial weight to Dr. Gruenfeld's opinion and his explanation for doing so. First, Rhodes mischaracterizes the weight given to the opinion. The ALJ gave weight to the portion of Dr. Gruenfeld's opinion that states that Rhodes "has 'problems' with focus and motivation and may work slower than others, but he has the capacity to complete simple and multi-step job tasks," because it was consistent with the record. [DE 12-2 at 78–79]. The only portion of the opinion that the ALJ disregards is the portion that relies heavily on Rhodes's subjective complaints, which are inconsistent with the record. [DE 12-2 at 79].

In the R&R, the Magistrate Judge addressed a nearly identical objection in Rhodes's fact and law summary. [DE 20 at 970–72]. The Court agrees with the Magistrate Judge's determination in the R&R, in which he found that the ALJ properly disregarded the portion of Dr. Gruenfeld's opinion unsupported by the record. [DE 20 at 971]. While "the opinions of nontreating sources are generally accorded more weight than nonexamining sources, . . . [a]ny

record opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012). And "the ALJ is not required to simply accept the testimony of a medical examiner based solely on the claimant's self-reports of symptoms, but instead is tasked with interpreting medical opinions in light of the totality of the evidence." *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014). An ALJ may disregard the portions of medical opinions where "restrictions and needs were based more on plaintiff's self-reporting than from the [doctor's] actual examination findings" if inconsistent with the record. *Calvert v. Comm'r of Soc. Sec.*, No. 16-CV-205-JMH, 2018 WL 1701321, at *5 (E.D. Ky. Apr. 6, 2018). Thus, the ALJ's assignment of partial weight to Dr. Gruenfeld's opinion was appropriate because the ALJ found that the portions of the report based on Rhodes' self-reports were inconsistent with the record as a whole, and he was entitled to reject them.

Rhodes also asserts that the ALJ failed to provide reasoning for rejecting Dr. Gruenfeld's opinion.[2] This allegation is unsupported by the record. "With regard to examining-but-nontreating sources . . . the ALJ must say enough to allow the appellate court to trace the path of h[er] reasoning." *Nash v. Comm'r of Soc. Sec.*, No. 3:18-CV-258-DJH-CHL, 2019 WL 4751554, at *4 (W.D. Ky. Sept. 30, 2019) (finding that where "[t]he ALJ did not completely discount [CE] opinion, but explained that it was entitled to limited weight because it was not consistent with the record as a whole . . . and discussed elsewhere in her RFC findings [evidence inconsistent with the

---

[2] The case cited by Rhodes in support is in apposite in this circumstance. [DE 26 at 1007–08 (citing *Hurst v. Sec'y of Health & Human Servs.,*753 F.2d 517, 519 (6th Cir.1985))]. In *Hurst*, the Court found that the ALJ provided no credibility determination as to the doctor's opinion. Instead, the ALJ cherry-picked parts of the report and disregarded the remainder of the report without explanation. That is not what the ALJ did here in crediting only a portion of Dr. Gruenfeld's report. Rather, the ALJ provided specific reasons for disregarding the portions of the report—in this case because the complaints were unsupported by the record—which relied substantially on Rhodes' subjective complaints.

7

RFC findings it] show[ed] that the ALJ considered that fact as part of her analysis but found that [claimant's] activities of daily living were inconsistent with the limitation opined by [CE]") (internal citations omitted). Citations to facts that contradict the ALJ's determination, even if cited elsewhere in the record, are sufficient to show that the ALJ considered them in his analysis. *See id*. As the Magistrate Judge found in the R&R "the ALJ cited to relevant evidence in the record that was adequate to support his conclusion." [DE 20 at 970].

Rhodes's second objection relates to the ALJ's reliance on the State Agency's opinions. Rhodes argues that the ALJ erred in not explaining why he did not adopt the State Agency's limitations verbatim into the RFC. [DE 26 at 1008–09]. Rhodes appears to assert that if an ALJ does not adopt an opinion verbatim, he must explain why. [DE 26 at 1008–09 (citing SSR 96-8P)]. Yet SSR 96-8P only requires that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).

Here, the ALJ states that he gave "some weight" to the State Agency's medical opinions where those opinions were "consistent with the objective evidence of the record," and states that "the essence of the state agency mental assessments are reflected in the above [RFC]." [DE 12-2 at 79]. He also references and incorporates in his analysis the "objective evidence of the record," [*Id.*] in which he discusses the medical records related to mental impairments at length, [*Id.* at 76–78]. This is sufficient to meet the requirements of SSR 96-8P. *See Salyer v. Astrue*, No. 07-187-JBC, 2008 WL 4500226, at *2 (E.D. Ky. Sept. 30, 2008) ("Arriving at such a conclusion after weighing all of the evidence satisfies the ALJ's duties under SSR 96–8p because his opinion addressed [the disregarded] findings. The ALJ also satisfied his general duty to render a decision

that is based on substantial evidence because he cited the findings of [other doctors] in rejecting the findings of [the disregarded doctor].").

In his objection to the ALJ's reliance on the State Agency's opinions, Rhodes also objects to the Magistrate Judge's finding that the "that the State Agency opinion was consistent with the ALJ's RFC." [DE 26 at 1009]. While Rhodes frames this objection as one in which the ALJ failed to account properly for findings in a medical source opinion, the ALJ, himself, found that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." [DE 12-2 at 71]. The issue then is whether this RFC accounts for the moderate difficulty that the ALJ found with Rhodes' "concentration, persistence or pace."

"When the ALJ makes a finding that a claimant has moderate limitations in concentration, persistence or pace, the ALJ must account for such limitations in plaintiff's RFC and in his hypothetical questions to the VE." *Tolles v. Comm'r of Soc. Sec.*, No. 12-CV-14771, 2013 WL 5707788, at *8 (E.D. Mich. Oct. 21, 2013). The Sixth Circuit requires an RFC for a claimant with this restriction to include restrictions that account for the "speed- and pace-based restrictions." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (finding that an RFC that included restrictions to "simple, repetitive tasks and instructions in non-public work settings" did not account for the "speed- and pace-based restrictions" necessary for a finding of moderate limitations in "concentration, persistence or pace").

Here, the ALJ's RFC includes that:

> The work is limited to simple routine and some detailed but not complex tasks involving few if any workplace changes with no public contact and only occasional contact with supervisors and coworkers. [DE 12-2 at 72].

Rhodes asserts that because "the doctor specifically opined that difficulty may occur with even simple work tasks" this limitation to "simple routine and some detailed but not complex tasks"

9

needed to be further modified to include limitations related to concentration persistence and pace. [DE 26 at 1010]. That said, Rhodes misstates the medical opinion. Under the heading "Explain in narrative form the sustained concentration and persistence capacities and/or limitations:" the medical opinion states that the "Clmt can complete simple and complex tasks but sx will slow down clmt's completion of more complex tasks." [DE 12-3 at 158]. Thus, the medical finding is that the concentration, persistence, and pace issues affect Rhodes in performing complex tasks, not simple tasks.

Here, the RFC limits Rhodes's work to "simple routine and some detailed but not complex tasks." [DE 12-2 at 72]. In a factually similar case, the Sixth Circuit found that an RFC that limited work to "simple, unskilled work that does not require any complex written or verbal communication" appropriately reflected the plaintiff's limitations where plaintiff "has not cited to any evidence in the record that provides for specific, concrete limitations on her ability to maintain concentration, persistence or pace while doing simple, unskilled work." *Kepke v. Commissioner of Social Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016). The *Kepke* court found that because the ALJ's RFC limited tasks to "simple, unskilled work that does not require any complex written or verbal communication" it did not need to include any limitations related to concentration, persistence, or pace. *Id.* For the same reasons, the RFC in this case need not include further limitations related to concentration, persistence, and pace because Rhodes' issues in those areas do not hinder him in completing simple tasks.

**B. The Magistrate Judge's acceptance of the ALJ's evaluation of Rhodes's disabled rating in the VA.**

Next, Rhodes argues that the Magistrate Judge erred in affirming the ALJ's decision to give "little weight" to the VA's disability finding because the ALJ "failed to follow SSR 06-3p and offer good reasons for the rejection of the evidence supporting total and permanent disability

through the VA." [DE 26 at 1012]. Rhodes relies on *LaRiccia v. Comm'r of Soc. Sec.* to argue that the Magistrate Judge erred in finding that the ALJ's analysis provided "good reasons" for rejecting the VA's finding of disability. [DE 26 at 1012 (citing *Id.*, 549 F. App'x 377, 388 (6th Cir. 2013)). However, Rhodes misunderstands the holding of *LaRiccia v. Comm'r of Soc. Sec.* and thus the Magistrate Judge's reasoning in upholding the ALJ's findings.

The Magistrate Judge did not compare the depth of the analysis performed in *LaRiccia* with that of the ALJ's analysis here. Instead, he correctly distinguished the deficiencies in *LaRiccia* from the deficiencies alleged by Rhodes. [DE 20 at 975]. Rhodes reads *LaRiccia* as setting a requirement for the amount of explanation required in an ALJ's decision to disregard the VA's determination. But *LaRiccia* does not address the sufficiency of the analysis in disregarding the VA's determination of disability. Rather, the Sixth Circuit in *LaRiccia* stated that "we cannot credit the reasons because they do not accurately reflect the approaches taken in the two systems." *Id.* at 388. In its analysis, the Sixth Circuit found fault with the substance of the court's analysis, not the amount or sufficiency of it. *Id.*

The Court agrees with the Magistrate Judge's finding that the ALJ provided "good reasons" for the weight given the VA rating. [DE 26 at 974–75]. An ALJ's decision does not lack substantial evidence if the ALJ "weighed the VA's determination in deciding the extent of [claimant's] impairments and how they caused him limitations in his ability to perform work-related tasks. But she ultimately distinguished her decision from the VA's on grounds that 'accurately reflect the approaches taken in the two systems.'" *Joseph v. Comm'r of Social Security*, 741 F. App'x 306, 310 (6th 2018); *see also Riley v. Berryhill*, No. 3:16CV-00776-DW, 2017 WL 3468556, *5 (W.D. Ky. Aug. 11, 2017) ("The ALJ here fulfilled her obligations by identifying reasons why the VA rating was not persuasive evidence of disability.") Here, the "ALJ properly

based his decision to give little weight to the VA disability determination on the well-established and accurate fact that the VA's criteria for establishing disability and the SSA's criteria are different." [DE 20 at 975]. The ALJ also incorporated the several pages of reasoning in which he discredited or put into context the various symptoms that made up on the VA's determination of disability. [DE 12-2 at 78 (incorporating 73–78)]. Thus, the ALJ met his burden of providing substantial evidence for affording little weight to the VA's determination and the Magistrate Judge did not err in finding so.

> **C. The Magistrate Judge's acceptance of the ALJ's determination that "there was no objective evidence in the record that Rhodes' migraines would impact his ability to perform basic work activities."**

Finally, Rhodes objects to the Magistrate Judge's evaluation of the ALJ's "factual findings at Step Two in dismissing the migraines as non-severe . . ." [DE 26 at 1013]. Specifically, Rhodes objects to the significance that the ALJ gives to the "conservative treatment" that Rhodes received and his failure to consider "the types, dosages, or effectiveness of these medications." [DE 26 at 1013]. The Court, at this stage, only evaluates whether the Commissioner's decision is support by substantial evidence. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* (internal citation and quotation omitted).

Here, the ALJ's determination that "the objective evidence of record fails to support the claimant's allegations regarding the severity and frequency of his headaches [because] [t]here is no objective evidence in the record that the claimant's headaches cause significant limitations in his ability to perform basic work activities," [DE 12-2 at 68–69] is supported by substantial evidence. In his decision, the ALJ reviews Rhodes' complaints about his migraine headaches, the

12

treatment he sought for those headaches, and Rhode's claimed limitations that result from the migraine headaches. [*Id.* at 68]. The ALJ concluded that based on this evidence the record does not support the "significant limitations in [Rhodes'] ability to perform basic work activities and therefore [the migraines] are not severe." [*Id.* at 68–69]. That there was other evidence that he could have considered, "even if substantial evidence would also have supported the opposite conclusion" does not require the Court to overrule the ALJ's determination. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). Thus, the Magistrate Judge did not err in finding that the ALJ's determination was supported by substantial evidence.

## IV. CONCLUSION

Thus, for the stated reasons above, **IT IS ORDERED** that Rhodes' Objections, [DE 26], are **OVERRULED** as set forth above; and **IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge, [DE 20], is **ADOPTED** without modification as the findings of fact and conclusions of law of this Court.

This matter is dismissed with prejudice and stricken from the Court's active docket. The Court will enter a separate judgment. This is a final and appealable Order and there is no just cause for delay.